# Briggs *v.* Brown, Appellant.

*Assignment—Equitable assignment—Attorney at law—Fraud.*

Plaintiff in a suit assigned, by a writing regular on its face, " any verdict that may be recovered " in the suit to his attorneys in the suit. The consideration mentioned was for professional services. A judgment creditor of the plaintiff subsequently attached the money in the hands of the defendant against whom a verdict was rendered. The attorneys filed their assignment and thereupon the attaching creditor filed his petition asking for an issue to try the validity of the assignment. He averred in his petition that the assignment was not made at the time of its date, and that it "is not believed by the petitioner to have been made in good faith," but to have been made for the purpose of withdrawing at least a portion of the verdict from the reach of petitioner. The assignee filed an answer denying both allegations of the petition, and averring that the assignment was made in good faith. No testimony was taken. *Held,* that the burden was on the petitioner to show fraud, and that in the entire absence of proof on that subject, the issue should be refused.

Argued April 21, 1903. Appeal, No. 101, April T., 1903, by defendants, from order of C. P. Fayatte Co., Dec. T., 1902, No. 4, refusing an issue to determine the validity of an assignment in case of Briggs & Flint to use *v.* Samuel Brown and Frederick S. Brown. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition for an issue to try the validity of an assignment. The facts are stated in the opinion of the Superior Court.

*Error assigned* was order refusing issue.

*Edward Campbell*, for appellant.

*Frank P. Rush*, for appellees.

OPINION BY BEAVER, J., May 22, 1903:

September 20, 1896, the plaintiffs, by a writing regular on its face, assigned "for and in consideration of professional services rendered and performed and for other good and valuable con-

siderations" to Lindsay & Johnson " any verdict that may be recovered in the above suit against the defendant," etc.

The appellant, a judgment creditor of the plaintiffs or of a firm composed in part of the same members, issued an attachment execution September 21, 1898, attaching money in the hands of the defendant, which was returned by the sheriff as served personally upon Wm. H. Flint the same day.

Lindsay & Johnson filled their assignment July 17, 1899, and, on September 11, 1902, issued execution upon the judgment which had been entered in the meantime. Thereupon the appellant filled his petition, asking for an issue to try the validity of the assignment to Lindsay & Johnson, on the grounds that it was not made at the time of its date and that it "is not believed by the said Frederick S. Brown to have been made in good faith towards him by the said plaintiffs, but to have been made by them for the purpose of withdrawing at least a portion of the said verdict from the reach of your petitioner," etc. A rule to show cause was granted, which was fully answered by the assignees, who in their answer alleged that on September 20, 1898, they were, and had been for several years, duly employed by the plaintiffs as their attorneys, who were then indebted to them for professional services in the sum of $1,440, and that the assignment was made on the day of its date in good faith, with the lawful intent of securing the said indebtedness and for no other purpose.

No testimony was taken.

Upon this showing, was the appellant entitled to an issue? This is the only question involved.

It requires little discussion. The application of two or three very simple elementary legal principles or maxims will suffice.

Fraud vitiates whatever it touches. If, therefore, the assignment was fraudulent in whole or in part or if the allegation of fraud was well grounded, the prayer of the petition should have been granted. It is equally true, however, that fraud is not to be presumed; it must be proved. On its face, the assignment was good. It was prior to the date of the issuing and service of the attachment. It was for a valuable consideration. It is presumed, in the absence of proof to the contrary, to have been delivered on the day of its date. It vested the proceeds of the expected verdict in the assignees. Its validity is attacked upon

the ground of fraud. But not a single fact is alleged in the petition upon which to base such a charge.

1. It is alleged, first, that " the said assignment is nowhere shown, nor is it anywhere alleged to have been made, executed and delivered on the date thereof." The date implies execution and delivery in the absence of proof to the contrary. The appellant does not even assert his belief as to fraud in this respect. But the answer is full and explicit in this behalf.

2. The second allegation, that the assignment was not made by the plaintiffs in good faith " but to have been made by them for the purpose of withdrawing at least a portion of the said verdict from the reach of your petitioner," is based solely upon the belief of the appellant. Not a single fact upon which to base such a belief, not a suspicious circumstance which could give rise to it is directly stated or remotely hinted. Here also the answer is clear and full. The indebtedness of the plaintiffs to the assignees for professional services alone was much in excess of the verdict as recovered.

If any burden were placed upon the assignees by the petition, the answer, in which the defendant joined, clearly shifted it and the appellant, in and by his failure to assume it, confessed his inability to make good the insinuations of his petition and left the court below no alternative but to discharge the rule. Its order in so doing is, therefore, affirmed and the appeal dismissed at the costs of the appellant.